BARNETTE, Judge.
Plaintiff filed this suit in the Civil District Court for the Parish of Orleans on February 23, 1962, against his former employer and his labor union, praying for damages, jointly and in solido, for loss of past and future wages, mental anguish and suffering, and loss of credit rating on account of an alleged wrongful discharge from his employment June 20, 1960.
His action is founded on allegations of willful collusion between his employer and his labor union in violation of a labor-management contract of which he, as an employee and union member, was a beneficiary.
Both defendants filed exceptions of prescription and exceptions to the jurisdiction of the court over the subject matter of the complaint. The exception of prescription was overruled on the grounds that interruption had been effected by timely filing of other suits in the state and federal courts. Apparently the defendants have accepted this judgment as final since there has been no appeal therefrom and the issue is not urged here.
The exception to the jurisdiction of the court was sustained and plaintiffs suit dismissed May 31, 1965. It is from that judgment that plaintiff has appealed. It is only to the question of jurisdiction that we address ourselves now. In doing so, we must look to the federal law since the issues involves an application of provisions of the National Labor Relations Act, 49 Stat. 449 (1935), 29 U.S.C.A. § 151 et seq. (1965), insofar as an unfair labor practice and the preemptive jurisdiction of the National Labor Relations Board is concerned, and § 301(a) of the Labor-Management Relations Act, 61 Stat. 156 (1947), 29 U.S.C.A. § 185(a) (1965), relating to suits by and against labor organizations for contract violation.
We think the answer to the jurisdictional question — that is, whether the jurisdiction of the court is preempted by the National Labor Relations Board — can be found in the following recent decisions of the United States Supreme Court:
San Diego Bldg. Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959); Local 100, United Ass’n of Journeymen, etc. v. Borden, 373 U.S. 690, 83 S.Ct. 1423, 10 L.Ed.2d 638 (1963); Local No. 207, Int'l Ass’n of Bridge, Structural, and Ornamental Iron Workers Union v. Perko, 373 U.S. 701, 83 S.Ct. 1429, 10 L.Ed.2d 646 (1963);
and
Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); Local 174, Teamsters, etc. v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); Smith v. Evening News Ass’n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); and Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964).
The first three of the above cases, which we will refer to as Garmon, Borden, and Perko, if applicable here, clearly sustain the dismissal of plaintiff’s suit on the exception to jurisdiction. Plaintiff, however, seeks to bring his case within the exceptions applied by the Supreme Court in the four-latter cases, which we will refer to as Courtney, Lucas, Evening News, and Humphrey.
Garmon, the leading case on state court jurisdiction of actions based on nonviolent activities which may or may not be within the jurisdiction of the National Labor Relations Board, was decided in 1959. In that case, the Supreme Court of California had upheld the jurisdiction of its courts to award damages to various employers against a union which was picketing the employers even though the union was not certified by the NLRB to represent the plaintiffs’ employees. The complaint had initially been brought by the employers to *861 the NLRB, but the Board had declined jurisdiction, presumably because the amount of interstate commerce involved did not meet the monetary standard adopted by the Board in the exercise of its discretion.
The United States Supreme Court reversed the California Supreme Court, holding that, since the jurisdiction of the NLRB over unfair labor practices preempted the jurisdiction of the state and federal courts, the state court could not take jurisdiction over a cause of action that was within the cognizance of the Board, and that the Board itself must make the initial determination of its own jurisdiction. The Court went on to hold that the action of the NLRB in declining jurisdiction was not to be construed as a declaration by the Board that it lacked jurisdiction, and the refusal of the Board to act did not empower the state to act where its power would have been preempted otherwise. So long as the activities on which the suit was based could reasonably be argued to be unfair labor practices, and there was no finding by the NLRB that they were not, the state court had no jurisdiction.
In Borden the Supreme Court applied the Garmon preemption doctrine to an action by a union member against his union for refusing to refer him to an employer on a certain job. The Court indicated the various theories under which the action of the union could reasonably be argued to be an unfair labor practice under §§ 7 and 8 of the National Labor Relations Act and held that the Texas state court did not have jurisdiction over the cause of action. The Perko case, decided on the same day as Borden, once again applied the Garmon doctrine to a suit by a union member brought in state court against his local union for conspiring to deprive him of his right to work and for securing his discharge in furtherance of the conspiracy. The Supreme Court showed the arguments which could be made in upholding an assertion that the complaint was based on an' ^'unfair labor practice and held the jurisdiction that the state court had exercised was preempted by the NLRB.
The Courtney, Lucas, and Evening News cases, all decided in 1962, involved suits under § 301(a) of the Labor-Management Relations Act. In Courtney, the Supreme Court upheld state court jurisdiction to enforce wage provisions of a labor contract in a suit brought by a union against an employer. The Court specifically rejected the employer’s attempt to draw an analogy to the Garmon situation. Lucas was a suit by an employer brought in state court against a union for damages resulting from a strike called in violation of a contract. The Court followed Courtney in upholding the jurisdiction of the state court, but added the requirement that the state courts apply federal law. In the Evening News case, the Court applied Lucas to uphold state court jurisdiction in an action by employees against their employer based on allegations of breach of contract arising from discrimination against the employees on account of their union membership. The Court conceded that the allegations charged an unfair labor practice, but refused to apply the Garmon doctrine, recognizing an exception to the doctrine in suits under § 301(a) of the Labor-Management Relations Act.
Humphrey, the most recent of the Supreme Court cases, upheld state court jurisdiction of actions involving § 301(a) once again. The Court viewed the suit as an action to enforce a collective bargaining contract brought by a union member against his union and his employer. The complaint alleged that an arbitration agreement was reached by the employer and the union in a manner which violated the procedures required by the contract, and since the complainant’s employment seniority rights would be adversely affected thereby, he sought equitable relief from his state court to enjoin carrying out the agreement. The Supreme Court upheld the jurisdiction of the state court but reversed a judgment in favor of the plaintiff on the merits.
*862 In his “Reasons for Judgment” the trial judge cited the foregoing cases and others and very correctly, we think, arrived at the conclusion that plaintiff Westmoreland cannot bring his case within the exception to the Garmon doctrine under the authority of the four cases, Courtney, Lucas, Evening News, and Humphrey.
The factual situation here bears a striking resemblance to that in the Perico case. There the plaintiff sought damages under the state common law on an allegation that his union had “conspired” to deprive him of his right to be employed as a foreman in structural iron work and had demanded that his employer discharge him. The Court there, after discussing the theories on which Perko’s complaint could be considered a violation of the sections of the National Labor Relations Act relating to restraint or coercion of employees in the exercise of their rights, held in conclusion that it was clearly a case for application of the Garmon doctrine.
This would seem to dispose of the question before us, except for plaintiff’s argument that his action is based on a breach of contract and, hence, that § 301(a) of the Labor-Management Relations Act is applicable. That section provides as follows :
“Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.”
Plaintiff relies on the holding in the Courtney case that the jurisdiction here conferred on the federal district courts is not exclusive, but concurrent with the state courts. This was followed in Lucas with the added proviso, that the state courts in exercising jurisdiction hereunder must apply federal law.
Plaintiff’s contention is that there existed a labor-management contract negotiated between his union and his employer of which he was a beneficiary, and that the breach of this contract supports his invocation of § 301(a) under the interpretation thereof in the four cited cases, Courtney, Lucas, Evening News, and Humphrey. We agree with the trial judge that this contention cannot be maintained.
In the Borden case Justice Harlan said:
“Nor do we regard it as significant that Borden’s complaint against the union sounded in contract as well as in tort It is not the label affixed to the cause of action under state law that controls the determination of the relationship between state and federal jurisdiction. * !'= * ” 373 U.S. at 698, 83 S.Ct. at 1427, 1428, 10 L.Ed.2d at 644.
As in that case, the conduct complained of here “whether described in terms of tort or contract^ is conduct whose lawfulness could initially be judged only by the federal agency vested with exclusive primary jurisdiction to apply federal standards.” 373 U.S. at 698, 83 S.Ct. at 1428, 10 L.Ed.2d at 644.
Regardless of the label which plaintiff has affixed to his complaint, it is clearly a complaint of wrongful acts, of willful collusion, of tortious breach of a contract, of “arbitrary, capricious and unwarranted * * * violation of Article 2315, of the Louisiana Civil Code of 1870.” It would be difficult to conceive how a tort could be more specifically alleged. This is unquestionably a charge of an unfair labor practice in violation of §§ 7 and 8 of the National Labor Relations Act.
The concluding statement of Justice Harlan in the Perko case might well be adopted as our own:
“We do not of course intimate any view on the merits of any of the underlying substantive questions, that is, *863 whether the union [or employer] was guilty of a violation of the Act. It is enough to hold, as we do, that it is plain on a number of scores that the subject matter of this lawsuit 'arguably’ comes within the Board’s jurisdiction to deal with unfair labor practices. We therefore conclude that the State must yield jurisdiction * * 373 U.S. at 708, 83 S.Ct. at 1433, 10 L.Ed.2d at 651.
The judgment sustaining the exception to the jurisdiction of the court is affirmed at appellant’s cost.
Affirmed.